UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS                          :
1701 Spring Garden Street                   :       NO.
Philadelphia, PA 19130                      :
                                            :
            and                             :
                                            :
ROBERT ROSATO, EDWARD                       :
GILMORE, GERALD SHAEFFER,                   :
EDWARD COPPINGER, HARRY FOY,                :
JOHN  DOUGHERTY, TRUSTEES OF                :
THE LOCAL UNION NO. 98                      :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS, HEALTH                  :
AND WELFARE FUND                            :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
            and                             :
                                            :
THOMAS J. REILLY, DENNIS LINK               :
WILLIAM RHODES, EDWARD                      :
NEILSON, JOHN DOUGHERTY AND                 :
JOSEPH AGRESTI, TRUSTEES OF                 :
THE LOCAL UNION NO. 98                      :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS PENSION FUND             :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :
                                            :
            and                             :
                                            :
GERALD SHAEFFER, MARY RODDEN                :
HARRY FOY, TODD NEILSON, AND                :
ERIC TRUXON, TRUSTEES OF THE                :
LOCAL UNION NO. 98                          :
INTERNATIONAL BROTHERHOOD OF                :
ELECTRICAL WORKERS, VACATION                :
TRUST FUND                                  :
1701 Spring Garden Street                   :
Philadelphia, PA 19130                      :

       and              :
                         :

BRUCE SHELLY, JAMES      :
SCHLEIDEN, THOMAS MOORE, JR.      :
KEVIN MCQUILLEN, WILLIAM      :
CORAZO, TRUSTEES OF THE      :
LOCAL UNION NO. 98      :
INTERNATIONAL BROTHERHOOD OF      :
ELECTRICAL WORKERS,      :
APPRENTICESHIP TRAINING      :
TRUST FUND      :
1701 Spring Garden Street      :
Philadelphia, PA 19130      :
                         :
       and              :
                         :

THOMAS VASOLI, JOSEPH      :
COTUMACCIO,LAWRENCE BRADLEY,      :
HARRY FOY, IGNATIUS FLETCHER,      :
ROBERT KELLEHER, TRUSTEES OF      :
THE LOCAL UNION NO. 98      :
INTERNATIONAL BROTHERHOOD OF      :
ELECTRICAL WORKERS      :
DEFERRED INCOME FUND      :
1701 Spring Garden Street      :
Philadelphia, PA 19130      :
                         :
       and              :
                         :

EDWARD COPPINGER AND HARRY FOY,      :
TRUSTEES OF THE LOCAL UNION NO. 98      :
INTERNATIONAL BROTHERHOOD OF      :
ELECTRICAL WORKERS      :
LOCAL LABOR- MANAGEMENT      :
COOPERATION COMMITTEE FUND      :
1701 Spring Garden Street      :
Philadelphia, PA 19130      :
                         :
       and              :
                         :

JOHN M. GRAU, JACK F. MOORE,      :
TRUSTEES OF THE NATIONAL      :
ELECTRICAL BENEFIT FUND      :
1500 Walnut Street, Suite 504      :

2

Philadelphia, Pa 19102                              :
                                                   :
     Plaintiffs             :
                                                   :
    v                           :
                                                   :
RGB, SERVICES, LLC                                 :
831 Welsh Road                                     :
Philadelphia, PA 19115                             :
                                                   :
    and                         :
                                                   :
MICHAEL METSIKAS                                   :
831 Welsh Road                                     :
Philadelphia, PA 19115                             :
                                                   :
    and                         :
                                                   :
RHEA METSIKAS                                      :
831 Welsh Road                                     :
Philadelphia, PA 19115                             :
                                                   :
    Defendants                   :

---

## COMPLAINT

  AND NOW come the plaintiffs by and through their attorneys Marino, Conroy & Coyle and demand of the defendants jointly and severally, plus interest, costs, reasonable attorney's fees and damages for prejudgment delay upon the cause of actions set forth in the following:

## JURISDICTION AND VENUE

  1. This action is brought pursuant to Employment Retirement Income Security Act [ERISA], 29 U.S.C.A. § 1001 et seq.

3

2.    This Court maintains original jurisdiction over the instant claims pursuant to 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 1132(e) as a result of the claims arising under the laws of United States and seeking redress for violations of the ERISA, 29 U.S.C.A. § 1001 et seq.

3.    Venue of this matter is properly laid in this district pursuant to 28 U.S.C.A. §1391(b) and (c) as a result of a substantial part of the events or omissions giving rise to the claims set forth herein having occurred in this judicial district.

## THE PARTIES AND RELATED ENTITIES

4.    Plaintiff Local Union No. 98, International Brotherhood of Electrical Workers (hereinafter referred to as "Local Union No. 98") is an unincorporated association commonly known as a labor union having its principal place of business located 1701 Spring Garden Street, Philadelphia, PA 19130.

5.    Local Union No. 98, IBEW Health & Welfare Fund, ("Health & Welfare Fund"), Local Union No. 98, IBEW Pension Fund ("Pension Fund"), Local Union No. 98, Joint Apprenticeship and Training Fund ("Training Fund"), Deferred Income Fund and IBEW Vacation Trust Fund ("Vacation Fund") are multi-employer benefit funds established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(3) and (37) of ERISA, 29 U.S.C.A. § 1002(3) and (37). Each of the funds aforementioned maintains its principal place of business is located 1701 Spring Garden Street, Philadelphia, PA 19130.

6.    National Electrical Benefit Fund ("NEBF") is a multi-employer pension fund established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and § 3(2) and (37) of ERISA, 29 U.S.C. § 1002(3) and (37). NEBF is locally administered by the Pen-Del-Jersey

4

Chapter of the National Electrical Contractors Association whose principal place of business is located 1500 Walnut Street, Philadelphia, PA 19102.

7.     The individually named plaintiffs are trustees of the funds aforementioned and are fiduciaries of those Funds within the meaning of ERISA, 29 U.S.C. § 1002(21), and are authorized to advance this action on behalf of the funds for which they are trustees.

8.     Defendant RGB Services, LLC, upon information and belief, is a limited liability company for profit incorporated established pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business and registered office for process of service located 831 Welsh Road, Philadelphia, PA 19115.  At all relevant times material hereto RGB Services, LLC was engaged in the business of providing electrical services to the consuming public. At all relevant times material hereto RGB Services, LLC acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment. Defendant RGB Services, LLC regularly conducts business or otherwise utilizes the market place of Philadelphia County.

9.     Defendant Michael Metsikas is an adult individual with an address for service of process located 831 Welsh Road, Philadelphia, PA 19115, who, upon information and belief, at all relevant times material hereto was an agent, servant, and employee of defendant RGB Services, LLC.  At all relevant times material hereto defendant Michael Metsikas was a principal of defendant RGB Services, LLC. At all relevant times material hereto defendant Michael Metsikas acted within the course and scope of his employment with defendant RGB Services, LLC.

10.     Defendant Rhea Metsikas is an adult individual with an address for service of process located 831 Welsh Road, Philadelphia, PA 19115, who, upon information and belief, at

all relevant times material hereto was an agent, servant, and employee of defendant RGB Services, LLC. At all relevant times material hereto defendant Rhea Metsikas was a principal of defendant RGB Services, LLC. At all relevant times material hereto defendant Rhea Metsikas acted within the course and scope of her employment with defendant RGB Services, LLC.

## GENERAL ALLEGATIONS

11.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

12.     At all relevant times material hereto RGB Services, LLC has been a party to the multi-employer collective bargaining agreement between Local 98 and the Philadelphia division of the Penn-Del-Jersey Chapter, National Electrical Contractor's Association ("Commercial Agreement") [See a copy of a Letter of Assent and the Commercial Agreement attached hereto and marked respectively Exhibit A and B].

13.     Pursuant to Article II, Section 2.03(d) of the Commercial Agreement, defendant RGB Services, LLC is obligated to furnish monthly reports to Local Union No. 98 listing the names of the members of the Union employed, number of hours of employment and the gross earnings of each.

14.     Pursuant to Article III, Section 3.01 of the Commercial Agreement, defendant RGB Services, LLC is obligated to submit monthly to the NEBF's designated local collection agent an amount equal to 3% of its gross monthly labor payroll which it paid to is obligated to pay its employees in the bargaining unit and a completed payroll report prescribed by the NEBF.

15.     Pursuant to Article III, Section 3.02 of the Commercial Agreement, defendant RGB Services, LLC agreed to participate in the Labor-Management Cooperation Fund, comply

with applicable provisions of the Trust Agreement establishing the fund and provide monthly contributions consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

16.     Pursuant to Article III, Section 3.03 and 3.09(b) of the Commercial Agreement, defendant RGB Services, LLC is obligated to comply with applicable provisions of the Trust Agreement establishing the Health & Welfare Fund and provide monthly payments to the Health & Welfare Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

17.     Pursuant to Article III, Section 3.04 and 3.09(b) of the Commercial Agreement, defendant RGB Services, LLC is obligated to comply with applicable provisions of the Trust Agreement establishing the Pension Fund and provide monthly payments to the Pension Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

18.     Pursuant to Article III, Section 3.05 and 3.09(b) of the Commercial Agreement, defendant RGB Services, LLC is obligated to comply with applicable provisions of the Trust Agreement establishing the Deferred Income Fund and provide monthly payments to the Deferred Income Fund consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

19.     Pursuant to Article III, Section 3.06 and 3.09(b) of the Commercial Agreement, defendant RGB Services, LLC is obligated to comply with applicable provisions of the Trust Agreement establishing the Apprentice Training Fund and to remit monthly payments deductions from its employees to the Apprentice Training fund consistent with the terms of the Trust Agreement and the Commercial Agreement.

20.     Pursuant to Article III, Section 3.07 of the Commercial Agreement, defendant RGB Services, LLC is obligated to deduct from the pay of each employed IBEW member working dues consistent with that amount specified in the approved Local Union No. 98 by-laws and remit the same to Local Union No. 98.

21.     Pursuant to Article III, Section 3.08 and 3.09(b) of the Commercial Agreement, defendant RGB Services, LLC is obligated to comply with applicable provisions of the Trust Agreement establishing the Vacation Fund and to deduct from the pay of each employed IBEW member a percentage of the employee's gross wages as set forth in the Commercial Agreement and forward the same along with a transmittal form setting forth the names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees to the banking institution managing the fund in a manner consistent with the terms of the aforementioned Trust Agreement and the Commercial Agreement.

22.     Pursuant to Article III, Section 3.08 of the Commercial Agreement, defendant RGB Services, LLC is obligated to submit a transmittal form setting forth the names of the members of the Union employed, social security number of the employee, individual employee's gross earnings and total gross earnings of all employees.

23.     Pursuant to Article III, Section 3.02 of the Commercial Agreement, defendant RGB Services, LLC is obligated to pay liquidated damages for all delinquent contributions due the Labor-Management Cooperation Fund in the amount of fifteen percent (15%) of the total contribution delinquent, plus interest at the rate of ten percent (10%) per annum of the total contribution until full payment has been received.

8

24.     Pursuant to Article III, Section 3.09(b) of the Commercial Agreement, defendant RGB Services, LLC is obligated to pay liquidated damages for all delinquent contributions in the amount of ten percent (10%) of the total contribution due, plus interest at the rate of two percent (2%) per month of the total contribution until full payment has been received.

25.     Pursuant to Article III, Section 3.01 of the Commercial Agreement, incorporating Article 6, Section 6.9.2 and 6.9.3 of the National Employees Benefit Agreement and Trust for the National Electrical Benefit Fund [NEBF Agreements], a copy of which are attached hereto and marked Exhibit C, defendant RGB Services, LLC is obligated to pay liquidated damages for all delinquent contributions in the amount of twenty percent (20%) of the total contribution due, plus interest at the rate of ten percent (10%) compounded annually of the total contribution until full payment has been received.

26.     Despite repeated demands advanced by the plaintiffs, defendant RGB Services, LLC has failed to timely remit contributions and deductions due and owing and failed to furnish required monthly reports.

## COUNT I
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
### LIABILITY FOR DELINQUENT CONTRIBUTIONS, PENALTY AND INTEREST
#### (Plaintiffs v RGB Services, LLC)

27.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

28.     Defendant RGB Services, LLC is an employer within the meaning of 29 U.S.C.A. § 1002(5).

29.   Defendant RGB Services, LLC is obligated to make contributions and submit withholdings to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145.

30.   Defendant RGB Services, LLC has failed to satisfy its obligation to make contributions and submit withholdings to the aforementioned multi-employer benefit funds in violation of 29 U.S.C.A. § 1145.

31.   As a direct and proximate result of defendant RGB Services, LLC's violation of 29 U.S.C.A. § 1145 the aforementioned multi-employer benefit funds have been deprived contribution and remittance totaling an estimated to be a value equal to $512,806.21.

32.   As a direct and proximate result of defendant RGB Services, LLC's violation of 29 U.S.C.A. § 1145 penalty equal to $50,498.06 and interest in the amount equal to $208,509.66 has been assessed against RGB Services, LLC, pursuant to section Article III, Section 3.09(b) of the Commercial Agreement.

33.   As a direct and proximate result of defendant RGB Services, LLC's violation of 29 U.S.C.A. § 1145 penalty and interest has been assessed against RGB Services, LLC, pursuant to section Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

34.   As a direct and proximate result of defendant RGB Services, LLC's violation of 29 U.S.C.A. § 1145 plaintiffs have been caused to incur costs and reasonable attorneys fees associated with prosecuting this matter.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant RGB Services, LLC and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2)

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant;

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT II
## ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145
## LIABILITY FOR DELINQUENT CONTRIBUTIONS,
## PENALTY AND INTEREST
## (Plaintiffs v Michael Metsikas)

35.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

36.     At all relevant times material hereto defendant Michael Metsikas was a functioning director of defendant RGB Services, LLC

37.     At all relevant times material hereto defendant RGB Services, LLC failed to observe corporate formality.

38.     At all relevant times material hereto defendant Michael Metsikas siphoned funds of the corporation to further a personal agenda and ignored his duty and responsibility as a principal officer of defendant RGB Services, LLC

39.     At all relevant times material hereto defendant RGB Services, LLC was undercapitalized for the purpose of its corporate undertaking.

40.     At all relevant times material hereto defendant Michael Metsikas commingled the assets of the defendant RGB Services, LLC with his own personal funds and used company funds to satisfy personal expenses.

41.     At all relevant times material hereto defendant RGB Services, LLC was a facade for the operations of defendant Michael Metsikas.

42.     At all relevant times material hereto defendant RGB Services, LLC was the alter ego of defendant Michael Metsikas.

12

43.     Defendant Michael Metsikas is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $512,806.21.

44.     Defendant Michael Metsikas is obligated to satisfy the penalty equal to $50,498.06 and interest in the amount equal to $208,509.66 which has been assessed against RGB Services, LLC, pursuant to section Article III, Section 3.09(b) of the Commercial Agreement.

45.     Defendant Michael Metsikas is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

46.     Defendant Michael Metsikas is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Michael Metsikas and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2);

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant;

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem appropriate.


**COUNT III**
**ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1145**
**LIABILITY FOR DELINQUENT CONTRIBUTIONS,**
**PENALTY AND INTEREST**
**(Plaintiffs v Rhea Metsikas)**

47.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

48.     At all relevant times material hereto defendant Rhea Metsikas was a functioning director of defendant RGB Services, LLC.

49.     At all relevant times material hereto defendant RGB Services, LLC failed to observe corporate formality.

50.     At all relevant times material hereto defendant Rhea Metsikas siphoned funds of the corporation to further a personal agenda and ignored her duty and responsibility as a principal officer of defendant RGB Services, LLC.

14

51.     At all relevant times material hereto defendant RGB Services, LLC was undercapitalized for the purpose of its corporate undertaking.

52.     At all relevant times material hereto defendant Rhea Metsikas commingled the assets of the defendant RGB Services, LLC with her own personal funds and used company funds to satisfy personal expenses.

53.     At all relevant times material hereto defendant RGB Services, LLC was a facade for the operations of defendant Rhea Metsikas.

54.     At all relevant times material hereto defendant RGB Services, LLC was the alter ego of defendant Rhea Metsikas.

55.     Defendant Rhea Metsikas is obligated to satisfy the payment of delinquent contributions and remittance to the aforementioned multi-employer benefit funds pursuant to 29 U.S.C.A. § 1145 in an amount equal to $512,806.21.

56.     Defendant Rhea Metsikas is obligated to satisfy the penalty equal to $50,498.06 and interest in the amount equal to $208,509.66 which has been assessed against RGB Services, LLC, pursuant to section Article III, Section 3.09(b) of the Commercial Agreement.

57.     Defendant Rhea Metsikas is obligated to satisfy the penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

58.     Defendant Rhea Metsikas is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Rhea Metsikas and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions and deductions owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim as provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees as provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C.A. § 1132(g)(2);

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant;

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem appropriate.


**COUNT IV**
**ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109**
**LIABILITY FOR DELINQUENT CONTRIBUTIONS,**
**PENALTY AND INTEREST FOR CONTRIBUTIONS**
**OWED TO HEALTH & WELFARE FUND**
**(Plaintiffs v Michael Metsikas)**

59.    Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

60.    At material times relevant hereto defendant Michael Metsikas was an acting principal of defendant RGB Services, LLC, was responsible for and ratified administrative decisions exercised on behalf defendant RGB Services, LLC, and was vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of defendant RGB Services, LLC.

61.    At material times relevant hereto defendant Michael Metsikas exercised discretionary control over the management of the financial responsibilities and business affairs of defendant RGB Services, LLC including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the aforementioned multi-employer benefit fund pursuant to the Commercial Agreement and provisions of the aforementioned Trust Agreement establishing the multi-employer benefit funds.

62.    Pursuant to the Trust Agreements establishing the multi-employer benefit funds unremitted contributions are deemed assets of Funds, considered to be part of the funds, and vested in the fund trustees.

63.    Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by operation of law.

64.    Defendant Michael Metsikas is a fiduciary to the aforementioned multi-employer benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

65.    Defendant Michael Metsikas is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds solely in the

interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries

66.     Defendant Michael Metsikas is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge his duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

67.     Defendant Michael Metsikas violated his duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

68.     As a result of defendant Michael Metsikas' breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A.  §1109(a) defendant Michael Metsikas is liable to satisfy payment to the multi-employer benefit funds for the value equal to $512,806.21.

69.     As a result of defendant Michael Metsikas' breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A.  §1109(a) defendant Michael Metsikas is liable to satisfy the penalty equal to $50,498.06 and interest in the amount equal to $208,509.66 which has been assessed, pursuant to section Article III, Section 3.09(b) of the Commercial Agreement.

70.     As a result of defendant Michael Metsikas' breach of his fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A.  §1109(a) defendant Michael Metsikas is obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III, Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

71.     Defendant Michael Metsikas is obligated to satisfy the costs and reasonable attorneys fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Michael Metsikas and the relief which follows:

I.      That plaintiffs be awarded recovery of unpaid contributions due the multi-employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.    That plaintiffs be awarded the penalty assessed pursuant to the Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim provided for by 29 U.S.C.A. § 1132(g)(1);

V.      That plaintiffs be awarded reasonable attorney fees provided for by 29 U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29 U.S.C. § 1132(g)(2)

VII.    The defendant be enjoined from engaging in future violations of ERISA;

VIII.   That plaintiffs be awarded a constructive trust over the assets of defendant Michael Metsikas as provided for by 29 U.S.C.A. § 1109(a);

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.      That plaintiffs be awarded further relief as this Court may deem appropriate.

## COUNT V
### ERISA CLAIM - VIOLATION OF 29 U.S.C.A. § 1109
### LIABILITY FOR DELINQUENT CONTRIBUTIONS,
### PENALTY AND INTEREST FOR CONTRIBUTIONS
### OWED TO HEALTH & WELFARE FUND
### (Plaintiffs v Rhea Metsikas)

72.     Plaintiffs incorporate by reference the previous paragraphs of the Complaint as if set forth fully herein.

73.     At material times relevant hereto defendant Rhea Metsikas was an acting principal of defendant RGB Services, LLC, was responsible for and ratified administrative decisions exercised on behalf defendant RGB Services, LLC, and was vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of defendant RGB Services, LLC.

74.     At material times relevant hereto defendant Rhea Metsikas exercised discretionary control over the management of the financial responsibilities and business affairs of defendant RGB Services, LLC including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the aforementioned multi-employer benefit fund pursuant to the Commercial Agreement and provisions of the aforementioned Trust Agreement establishing the multi-employer benefit funds.

75.     Pursuant to the Trust Agreements establishing the multi-employer benefit funds unremitted contributions are deemed assets of Funds, considered to be part of the funds, and vested in the fund trustees.

76.     Pursuant to the authority of 29 CFR § 2510.3-102 unremitted contributions are deemed assets of the funds, considered to be part of the funds, and vested in the fund trustees by operation of law.

20

77.     Defendant Rhea Metsikas is a fiduciary to the aforementioned multi-employer benefit funds within the meaning of 29 U.S.C.A. § 1002(21)(A)(i).

78.     Defendant Rhea Metsikas is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge her duty as a fiduciary with respect to the multi-employer benefit funds solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries

79.     Defendant Rhea Metsikas is obligated, pursuant to 29 U.S.C.A. § 1004(a)(1), to discharge her duty as a fiduciary with respect to the multi-employer benefit funds with care, skill, prudence and diligence.

80.     Defendant Rhea Metsikas violated her duty as a fiduciary to the multi-employer benefit funds by utilizing the assets of the multi-employer benefit funds to satisfy financial obligations not within the meaning of 29 U.S.C.A. § 1004(a)(1) or retained possession and control of monies rightfully belonging to the multi-employer benefit funds.

81.     As a result of defendant Rhea Metsikas' breach of her fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Rhea Metsikas is liable to satisfy payment to the multi-employer benefit funds for the value equal to $512,806.21.

82.     As a result of defendant Rhea Metsikas' breach of her fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Rhea Metsikas is liable to satisfy the penalty equal to $50,498.06 and interest in the amount equal to $208,509.66 which has been assessed, pursuant to section Article III, Section 3.09(b) of the Commercial Agreement.

83.     As a result of defendant Rhea Metsikas' breach of her fiduciary duty owed to the multi-employer benefit funds pursuant to 29 U.S.C.A. §1109(a) defendant Rhea Metsikas is

21

obligated to satisfy the value of penalty assessed and interest accumulated pursuant to Article III,

Section 3.02 of the Commercial Agreement equal to a value to be determined at trial.

84.     Defendant Rhea Metsikas is obligated to satisfy the costs and reasonable attorneys

fees incurred by the plaintiffs prosecuting this matter at a value to be determined at trial.

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant Rhea

Metsikas and the relief which follows:

I.     That plaintiffs be awarded recovery of unpaid contributions due the multi-

employer benefit funds owed pursuant to NECA and NEBF Agreements;

II.     That plaintiffs be awarded prejudgment interest;

III.     That plaintiffs be awarded the penalty assessed pursuant to the

Commercial Agreement;

IV.     That plaintiffs be awarded the cost of prosecuting this claim provided for

by 29 U.S.C.A. § 1132(g)(1);

V.     That plaintiffs be awarded reasonable attorney fees provided for by 29

U.S.C.A. § 1132(g)(1);

VI.     That plaintiffs be awarded liquidated damages as provided for by 29

U.S.C. § 1132(g)(2)

VII.     The defendant be enjoined from engaging in future violations of ERISA;

VIII.     That plaintiffs be awarded a constructive trust over the assets of defendant

Michael Metsikas as provided for by 29 U.S.C.A. § 1109(a);

IX.     Defendant be ordered to submit to an audit at the request of plaintiffs;

X.     That plaintiffs be awarded further relief as this Court may deem

appropriate.

22

Respectfully submitted,

MARINO, CONROY & COYLE
301 Wharton Street
Philadelphia, Pa 19147
Telephone (215) 462-3200
Telecopier (215) 462-4763

By:     SFM6768
Steven F. Marino, Esquire
Attorney I.D. 53034
Attorneys for Plaintiffs

Dated: July 15, 2010

23