| | | |
|---|---|---|
| LOCAL UNION NO. 98 INTERNATIONAL | : | UNITED STATES DISTRICT |
| BROTHERHOOD OF ELECTRICAL | : | COURT, EASTERN DISTRICT |
| WORKERS, et al. | : | OF PENNSYLVANIA |
| Plaintiffs, | : | |
| | : | |
| v. | : | Docket No.: 10-3486 |
| | : | |
| RGB SERVICES, LLC, et al. | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW this _____ day of _____, 2010, upon consideration of

Defendants' Motion to Dismiss, and any response thereto, it is hereby ORDERED and

DECREED that Defendants, Metsikas' Motion is GRANTED, and Plaintiffs' Complaint as to

said Defendants is dismissed, with prejudice.

_____
John R. Padova                                        ,J.

**WEISBERG LAW, P.C.**
BY:  Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Ave.                                    Attorney for Defendants
Morton, PA 19070
(610) 690-0801
Fax (610) 690-0880

| | | |
|---|---|---|
| LOCAL UNION NO. 98 INTERNATIONAL | : | UNITED STATES DISTRICT |
| BROTHERHOOD OF ELECTRICAL | : | COURT, EASTERN DISTRICT |
| WORKERS, et al. | : | OF PENNSYLVANIA |
| Plaintiffs, | : | |
| | : | |
| v. | : | Docket No.: 10-3486 |
| | : | |
| RGB SERVICES, LLC, et al. | : | |
| | : | |
| Defendants | : | |

## DEFENDANTS, METSIKAS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, WITH PREJUDICE, PURSUANT TO FRCP 12(b)(6)

Defendants rely on and incorporate their attached Memorandum of Law in support.

WHEREFORE, Defendants, Metsikas, request this Honorable Court dismiss Plaintiffs'

Complaint, with prejudice.

WEISBERG LAW, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Defendants

**WEISBERG LAW, P.C.**
BY:  Matthew B. Weisberg
Attorney ID. #85570
7 South Morton Ave.                          Attorney for Defendants
Morton, PA 19070
(610) 690-0801
Fax (610) 690-0880

| | | |
|---|---|---|
| LOCAL UNION NO. 98 INTERNATIONAL | : | UNITED STATES DISTRICT |
| BROTHERHOOD OF ELECTRICAL | : | COURT, EASTERN DISTRICT |
| WORKERS, et al. | : | OF PENNSYLVANIA |
| Plaintiffs, | : | |
| | : | |
| v. | : | Docket No.: 10-3486 |
| | : | |
| RGB SERVICES, LLC, et al. | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, METSIKAS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, WITH PREJUDICE, PURSUANT TO FRCP 12(b)(6)

## I.     OPERATIVE FACTS

Plaintiffs are trustees and fiduciaries bringing this action under ERISA.  (Plaintiffs'

Complaint, Docket No. 1, ¶7[1]).  Defendant, RGB Services, LLC, is a limited liability company

engaged in the business of providing electrical services to the public. (¶8).  Defendants, Michael

and Rhea Metsikas, are alleged principals of RGB.  (¶¶9&10).

RGB is a party to the multi-employer collective bargaining agreement between Local 98

and the Philadelphia Division of the Penn-Del-Jersey chapter, National Electrical Contractors

Association ("Commercial Agreement").  (¶12).

Pursuant to the Commercial Agreement, RGB is ERISA liable to Plaintiffs for failure of

proper accounting and payment contribution.  (¶¶13-25).

---

[1]  All references throughout will be to Plaintiffs' Complaint (unless otherwise stated).

Plaintiffs seek to hold individual Defendants liable for failure of Defendant, RGB's contribution payment and accounting.

## II.   STANDARD

In Iqbal, the United States Supreme Court made it clear that in all civil actions in federal court, the Complaint "must contain "more than an unadorned, the-Defendant-unlawfully-harmed-me accusation."" Ashcroft v. Iqbal, 129 Supreme Court 1937 (US 2009); Fowler v. UPMC Shadyside, 578 F.3d 203 (C.A. 3 2009) (quoting Iqbal, at 1950).  Thus, "it is clear that conclosury or `bare-bones` allegations will no longer survive a Motion to Dismiss." Fowler, at 211.

"Where the well-pled facts do not permit the Court to infer more than a mere possibility of misconduct, the Complaint has alleged – but it has not "show[n]" thus "that the pleader is entitled to relief."" Iqbal, at 1949 (quoting FRCP 8(a)(2)).  To satisfy the requirement of FRCP 8(a)(2), that a Plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a Plaintiff must aver sufficient factual allegations which "nudge" its claims "across-the-line from conceivable to plausible." Iqbal, at 1951.

A Court must not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations, no matter how many pages the Complaint runs.  *See*, In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (C.A.3 2002); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n. 8 (C.A.3 1997).

As to moving Defendants - Metsikas, the Complaint fails to meet the pleading standards set forth above.

## III.   ARGUMENT

In Counts II-V, Plaintiffs claim individual Defendants-Movants, Metsikas, personally liable for the alleged misconduct of said individual Defendants' company, Defendant, RGB. In doing so, Plaintiffs, without pleading a Count for "piercing the corporate veil," make bald and sweeping conclusions in violation of the aforesaid standard. Moreover, Plaintiffs' Complaint's own supporting document (Exh. A) indicates: (1) Defendant, Michael Metsikas executed in his corporate-employer capacity; (2) Defendant, Rhea Metsikas is nowhere to be found therein.

It is clear Plaintiffs are attempting to hold individual Defendants liable for fear of inability of judgment execution upon RGB. Towards that intended post-judgment execution, it is also clear that Plaintiffs merely added Defendant, Rhea Metsikas, as a defendant so to also allow Plaintiffs to pierce the tenants-by-the-entirety shield of individual Defendants' marriage. Plaintiffs so intend without sufficiently pleading said Defendants' individual liabilities.

Perhaps in attempting to meet the pleading standard, Plaintiffs make broad conclusions of both law (which must be stricken per Iqbal and Twombly) and insufficiently specific factual assertions:

"At all relevant times material hereto Defendant, RGB Services, LLC failed to observe corporate formality." (¶ 37). This averment is a legal conclusion which cannot be accepted by this Honorable Court towards adjudicating whether the Complaint is well-pleaded. Twombly, supra. Notwithstanding, Plaintiffs fail to factually aver what corporate formalities were not observed.

"At all relevant times material hereto Defendant, Michael Metsikas siphoned funds of the corporation to further a personal agenda and ignored his duty and responsibility as a principal officer of Defendant, RGB Services, LLC." (¶ 38). Plaintiffs fail to identify: (1) what funds; (2) what agenda; (3) what duty and responsibility; and (4) when and how same occurred.

"At all relevant times material hereto Defendant, RGB Services, LLC was undercapitalized for the purpose of its corporate undertaking." (¶ 39). This is a legal conclusion. Further, Plaintiffs do not identify how RGB was undercapitalized.

"At all relevant times material hereto Defendant, Michael Metsikas commingled the assets of Defendant, RGB Services, LLC with his own personal funds and used company funds to satisfy personal expenses." (¶ 40). Notwithstanding that commingling is a legal conclusion (which must be disregarded), Plaintiffs do not identify: (1) what assets of RGB was commingled; (2) how those assets were commingled with Defendant's personal funds; and (3) what and how company funds were used to satisfy personal expenses.

"At all relevant times material hereto Defendant, RGB Services, LLC was a facade for the operations of Defendant, Michael Metsikas." This is a legal conclusion which must be disregarded. Further, there is absolutely no detail nor explanation for this averment.

"At all relevant times material hereto Defendant, RGB Services, LLC was the alter ego of Defendant, Michael Metsikas." (¶ 42). This is a legal conclusion which must be disregarded. Further, there is no factual explanation whatsoever.

These averments are merely reiterated throughout Counts II-V as to each of the individual Defendants.

Notwithstanding that none of the averments as to individual Defendants meet the FRCP 8(a)(2) pleading standard, those averments, in fact, sound in fraud to which FRCP's 9's heightened pleading requirement is required. The "who, what, where, when, how and why" required as a foundation towards these averments is simply absent. Frederico v. Home Depot, 507 F.3d 188 (C.A.3 2007); Orion Power Midwest, L.P. v. American Coal Sales Co., 2007 WL 4190762 (W.D.P.A. 2007).

Even if Rules 8 and 9 were met (denied), Plaintiffs make no allegations as to causation: how individual Defendants' alleged corporate misconduct *caused* the failure of RGB's failure of ERISA compliance. <u>Fort Washington Resources, Inc. v. Tannen</u>, 153 F.R.D. 565 (E.D.Pa. 1994).

Simply stating the elements of piercing the corporate veil (albeit without pleading such cause of action) without meeting the pleading standard and also without showing causation is impermissible.

## IV.    <u>CONCLUSION</u>

Michael Metsikas executed the commercial agreement as a corporate officer.  Rhea Metsikas is nowhere to be found in Plaintiffs' supporting documents (likely because she had no involvement in RGB whatsoever).

Plaintiffs aver RGB a limited liability company.  In attempting to pierce the corporate veil in premeditated post-judgment execution against a husband and wife, Plaintiffs make conclusory allegations and legal conclusions against said individual Defendants.   Even then, Plaintiffs fail to demonstrate how the alleged corporate infidelity causally relates to Plaintiffs' harm.

WHEREFORE, Defendants respectfully request this Honorable Court dismiss Plaintiffs' Complaint as to individual Defendants.

WEISBERG LAW, P.C.


<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Defendants

LOCAL UNION NO. 98 INTERNATIONAL      :      UNITED STATES DISTRICT
BROTHERHOOD OF ELECTRICAL             :      COURT, EASTERN DISTRICT
WORKERS, et al.                       :      OF PENNSYLVANIA
      Plaintiffs,                    :
                                       :
      v.                             :      Docket No.: 10-3486
                                       :
RGB SERVICES, LLC, et al.             :
                                       :
      Defendants                     :

## CERTIFICATE OF SERVICE

    I, Matthew B. Weisberg, Esquire, hereby certify that on this 1st day of November, 2010, a

true and correct copy of the foregoing Defendants, Metsikas' Motion to Dismiss Plaintiffs'

Complaint, with Prejudice, Pursuant to FRCP 12(b)(6) was served via ECF, upon the following

parties:

                    Steven F. Marino, Esq.
                  Marino, Conroy & Coyle
                  301 Wharton Street
                  Philadelphia, PA 19147


                  WEISBERG LAW, P.C.


                  /s/ Matthew B. Weisberg
                  Matthew B. Weisberg, Esquire
                  Attorney for Defendants